IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMPTU SYSTEMS CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS, LLC,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 16-cv-06516-JS |

**DEFENDANTS COMCAST CORPORATION AND COMCAST CABLE COMMUNICATIONS, LLC'S PRETRIAL MEMORANDUM**

In accordance with Local Rule of Civil Procedure 16.1(c) and this Court's Scheduling Order (D.I. 414), Defendants Comcast Corporation ("Comcast Corporation") and Comcast Cable Communications, LLC ("Comcast Cable") (collectively, "Comcast"), by and through their undersigned counsel, respectfully submit this Pretrial Memorandum.

**I.      NATURE OF THE ACTION**

Plaintiff Promptu Systems Corporation ("Promptu") brings claims for patent infringement. Comcast denies infringement and asserts affirmative defenses of invalidity and affirmative defenses and counterclaims of inequitable conduct. The jurisdiction of this Court is invoked pursuant to 35 U.S.C. §§ 1331 and 1338(a).

**II.     FACTUAL SUMMARY OF THE CASE**

    **A.      The Parties**

Comcast Cable is a company headquartered in Philadelphia, Pennsylvania that provides internet, cable TV, voice, streaming, entertainment, mobile, and home management services to customers across the United States. ECF No. 451-3 ¶ 1. Comcast Cable is a subsidiary of Comcast Corporation, a global media and technology company headquartered in Philadelphia,

1

Pennsylvania. *Id*. ¶ 3. Promptu, formerly known as AgileTV, is a Delaware corporation that was founded in 2000. *Id*. ¶ 5. Promptu does not manufacture or sell any products or offer any products for sale.

### B.    The Asserted Patents[1]

Promptu accuses Comcast of infringing U.S. Patent Nos. 7,047,196 (the "'196 Patent") and 7,260,538 (the "'538 Patent") (collectively, the "Asserted Patents").[2] The Asserted Patents generally relate to voice recognition technology.

The '196 Patent is entitled "System and Method of Voice Recognition Near a Wireline Node of a Network Supporting Cable Television and/or Video Delivery" and "relates to speech recognition performed near a wireline node of a network supporting cable television and/or video delivery." ECF No. 443-1 at 1, 41. The '196 Patent claims priority to an application filed on June 8, 2000, issued on May 16, 2006, and expired on October 27, 2023. *Id*. at 1. The '196 Patent issued with 66 claims—4 independent claims and 62 dependent claims.

The '538 Patent is entitled "Method and Apparatus for Voice Control of a Television Control Device" and relates to "a voice-controlled set-top box and remote control for performing television related processes." ECF No. 443-5 at 2, 9. The '538 Patent claims priority to an application filed on January 8, 2002, issued on August 21, 2007, and expired on December 26, 2024. *Id*. at 2. The '538 Patent issued with 41 claims—7 independent claims and 34 dependent

---

[1] The '196 and '538 Patent applications were both filed before March 16, 2013. Accordingly, the '196 and '538 Patents are subject to pre-AIA law.

[2] Promptu also accused Comcast of infringing U.S. Patent No. RE44,326 (the "'326 Patent"). On April 2, 2018, Comcast filed a petition for covered business method ("CBM") review, challenging the asserted claims of the '326 Patent. ECF No. 451-3 ¶ 56. The Patent Trial and Appeal Board ("PTAB") instituted review of Comcast's CBM petition and ultimately found the challenged claims of the '326 Patent unpatentable. *Id*. ¶¶ 57–58. The Federal Circuit affirmed the PTAB's findings. *Id*. ¶ 59. Promptu dismissed its infringement claim related to the '326 Patent on June 13, 2022. *See* ECF No. 316.

claims.

### C.  The Accused Products

Promptu accuses Comcast's Xfinity X1 service, Xfinity Voice Remote controls supported by the X1 service, and set top boxes supported by the X1 service and having support for the Xfinity Voice Remote controls (collectively, the "Accused Products") of infringement.

### D.  Procedural History[3]

In December 2016, Promptu initiated this patent infringement suit against Comcast.[4] In December 2017, Comcast filed four petitions for *inter partes* review ("IPR")—two petitions against the '196 Patent and two petitions against the '538 Patent. The PTAB instituted all four IPR petitions in June 2018. The Court subsequently stayed this case pending the issuance of the PTAB'S final written decisions. ECF No. 175. In March 2019, the PTAB issued final written decisions for the IPRs challenging the '538 Patent. ECF No. 452-1 ¶ 20. Shortly thereafter, in June 2019, the PTAB issued final written decisions for the IPRs challenging the '196 Patent. *Id*. ¶ 4. The PTAB found claims 1–2, 4–6, and 12–13 of the '196 Patent unpatentable but did not otherwise find the challenged claims unpatentable.[5] *Id*. ¶¶ 4–10, 20–23. In September 2020, the Court lifted

---

[3] During the pendency of this case, Promptu sued Comcast Cable and its United Kingdom affiliates—Sky UK Limited, Sky In-Home Service Limited, Sky Subscribers Services Limited, and Sky Limited (collectively, "Sky")—in the UK. Promptu accused Sky and Comcast Cable of infringing EP 1290889, which is the European counterpart to the '196 Patent. Promptu also separately initiated a patent infringement suit in Germany against Comcast's German affiliate. In both cases, the courts found the asserted patent invalid. *See Promptu Systems Corporation v. Sky UK Ltd & Ors* [2021] EWHC 2021 (Pat).

[4] Promptu also brought common law claims for breach of contract, unfair competition, promissory estoppel, and unjust enrichment. The Court dismissed these claims, as well as Promptu's infringement claim related to the '326 Patent, in June 2022. ECF Nos. 311, 316.

[5] The PTAB's findings were appealed to the Federal Circuit. The Federal Circuit affirmed the PTAB's decisions with respect to the '538 Patent. With respect to the '196 Patent, the Federal Circuit affirmed the PTAB's decision that Comcast failed to show claims 14–15, 17–19, 25–26, 53–55, 61–62, and 64–66 of the '196 Patent were unpatentable as obvious over U.S. Patent No. (cont'd)

3

the stay. ECF No. 428 at 2.

In March 2022, the Court issued a claim construction order construing eight disputed claim terms. *Id*. Based on the Court's claim construction order, Promptu stipulated to the entry of final judgment of non-infringement in favor of Comcast as to the Asserted Patents. *Id*. Promptu subsequently appealed the Court's judgment to the Federal Circuit, challenging the Court's construction of three claim terms from the '196 Patent—(1) "back channel," (2) "multiplicity of received identified speech channels," and (3) "speech recognition system coupled to a wireline node"—and one claim term from the '538 Patent—"central/centralized processing station." *Id*. In February 2024, the Federal Circuit vacated the entry of final judgment, reversed in part and affirmed in part the Court's claim construction order, and remanded the case for further proceedings. *Promptu Sys. Corp. v. Comcast Corp.*, 92 F.4th 1372 (Fed. Cir. 2024).

On remand, the parties submitted new proposed constructions for the four disputed claim terms. The Court held a claim construction hearing in August 2024 and issued an order construing the four claim terms in September 2025. ECF Nos. 428, 429.

### III. THE PARTIES' CLAIMS AND DEFENSES

#### A. Promptu's Infringement Claims

##### 1. The '196 Patent

Promptu alleges that Comcast directly infringes claims 14, 18, 25, 27, 40, 53, and 62 of the '196 Patent. Claims 14, 27, and 53 are independent claims. Claims 18, 25, 40, and 62 are dependent

---

6,513,063 ("Julia") alone or in combination with other references but vacated and remanded the PTAB's decision that Comcast failed to show claims 1–2, 4–6, 12–13, 27–28, 30–32, and 38–42 of the '196 Patent were unpatentable as obvious over Julia in combination with other references. On remand, the PTAB found claims 1–2, 4–6, and 12–13 of the '196 Patent unpatentable. ECF No. 451-2 ¶¶ 2–12, 17–26.

claims, which indirectly depend from claims 14, 27, and 53.[6] Comcast does not infringe the asserted claims of the '196 Patent, as the Accused Products do not contain each and every limitation required by the asserted claims. For example, independent claims 14, 27, and 53 each require a "speech recognition system," which the Court construed to mean "a system that at least processes data received from identified speech channels and responds to identified speech content." ECF No. 428 at 30. Claims 14, 27, and 53 also recite a "back channel," which the Court construed to mean "a path for transmitting data from set-top boxes to a speech recognition system." *Id.* at 16. These claims further recite a "multiplicity of received identified speech channels," which the Court construed to mean "'data received via a plurality of identified speech channels,' whereas 'channel' is to be understood consistently with the term 'back channel . . . .'" *Id.* at 21. The Accused Products do not contain a "speech recognition system," "back channels," or "multiplicity of received identified speech channels," as construed by the Court. Accordingly, Comcast does not infringe claims 14, 27, and 53 of the '196 Patent.

Comcast also does not infringe claim 14 for the independent reason that the Accused Products do not include the claim elements requiring that "each of said program steps reside in memory accessibly coupled to at least one computer" and "at least one computer communicatively couples through said wireline node to said multiplicity of user sites." Comcast also does not infringe claim 27 for the independent reason that the Accused Products do not contain a "speech channel partitioner" or "program steps residing in memory accessibly coupled to at least one computer in said process network."

Because Comcast does not infringe independent claims 14, 27, and 53, Comcast cannot be

---

[6] Claims 18 and 25 depend from claim 15, which depends from independent claim 14. Claim 40 depends from claim 28, which depends from independent claim 27. Claim 62 depends from claim 54, which depends from independent claim 53.

said to infringe dependent claims 18, 25, 40, and 62. However, even if Comcast is found to infringe claims 14, 27, or 53, the Accused Products do not contain each and every claim limitation recited in dependent claims 18, 25, 40, and 62. For example, the Accused Products do not permit "a speech content response" to "create a financial consequence," as required by claim 18. Additionally, the Accused Products do not contain "the program step of[] responding to said speech content . . . based upon natural language to create a speech content response," as required by claim 25. Comcast also does not infringe claim 62, because the Accused Products do not "process[] said received speech channel from said user site based upon natural language . . . ." Comcast therefore does not infringe any of the asserted claims of the '196 Patent.

### 2. The '538 Patent

Promptu alleges that Comcast directly infringes claims 34 and 40 of the '538 Patent. Comcast does not infringe the asserted claims of the '538 Patent, as the Accused Products do not contain each and every limitation required by the claims. For example, claims 34 and 40 require "a centralized processing station," which the Court construed to mean "a device that receives voice commands, performs voice recognition on voice commands, and generates and returns instructions to set-top boxes to carry out the commands." ECF No. 428 at 36. The Accused Products do not contain "a centralized processing station," as construed by the Court, and therefore Comcast cannot infringe the asserted claims of the '538 Patent.

Comcast also does not infringe claim 34 for the independent reason that the Accused Products do not include claim elements requiring "television remote controls configured to directly and wirelessly control television sets" and a "cable television link."

Comcast also does not infringe claim 40 for the independent reason that Promptu has not shown the Accused Products include a "television set top box means" and "television remote control means." Claim 40 is a mean-plus-function claim. "Literal infringement of a means-plus-

function claim limitation requires that the relevant structure in the accused device perform the identical function recited in the claim and be identical or equivalent to the corresponding structure in the specification." *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 (Fed. Cir. 2006). "Once the relevant structure in the accused device has been identified, a party may prove it is equivalent to the disclosed structure by showing that the two perform the identical function in substantially the same way, with substantially the same result." *Id*. Promptu alleges that the accused set top boxes function as the "television set top box means" and the Xfinity Voice Remote functions as the "television remote control means." However, Promptu has not identified any structures or disclosures in the '538 Patent specification that are identical or equivalent to the accused set top boxes and X1 Voice Remote. As such, Promptu has failed to show that the Accused Products practice claim 40 of the '538 Patent.

### 3. Indirect Infringement

Promptu also alleges that Comcast indirectly infringes claims 14, 18, 25, 27, 40, 53, and 62 of the '196 Patent and claims 34 and 40 of the '538 Patent (collectively, the "Asserted Claims") by inducing others, including Xfinity subscribers, to operate the Accused Products in an infringing manner. As explained above, the Accused Products do not directly infringe any of the Asserted Claims. Accordingly, there can be no induced infringement.

### 4. Willful Infringement

Promptu also contends that Comcast willfully infringed the Asserted Patents. Comcast has not directly infringed the Asserted Patents and therefore cannot be said to have willfully infringed the Asserted Patents. However, even if Comcast is found liable for direct infringement, Comcast has not willfully infringed the Asserted Patents.

To establish willfulness, Promptu must show that Comcast had (1) knowledge of the Asserted Patents and (2) "a specific intent to infringe at the time of the challenged conduct." *Bayer*

7

*Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). Promptu contends that Comcast was aware of the Asserted Patents by December 2011 but fails to set forth any evidence suggesting that Comcast acted with the specific intent to infringe the Asserted Patents. Promptu has therefore failed to show that Comcast willfully infringed the Asserted Patents.

    **B.**     **Promptu's Request for Damages**

Promptu seeks monetary damages in this case, specifically a reasonable royalty in the amount of $329.8 million. As explained above, Comcast does not infringe the Asserted Patents. Promptu is therefore not entitled to monetary damages. However, to the extent Comcast is found to infringe the Asserted Patents, Promptu's requested damages award is improperly inflated. A reasonable royalty for the alleged infringement could not exceed $13.7 million.

Promptu contends that it is entitled to enhanced damages under 35 U.S.C. § 284 based on Comcast's alleged willful infringement. However, as explained above, Comcast has not willfully infringed the Asserted Patents, and Promptu is therefore not entitled to enhanced damages under § 284.

Promptu and Comcast each seek an award of costs and attorneys' fees pursuant to 35 U.S.C. § 285, which permits courts to award reasonable attorneys' fees to the prevailing party in "exceptional cases." Promptu has not shown that it is entitled to costs or attorneys' fees under § 285.

    **C.**     **Comcast's Defenses and Counterclaims**

        **1.**     **Invalidity**

The Asserted Claims are invalid under 35 U.S.C. §§ 103, 112, and 112 ¶ 6.

            a.     <u>Obviousness</u>

The Asserted Claims are rendered obvious based on various combinations of two prior art systems—Time Warner Cable's Full Service Network ("FSN") and BBN's speech recognition

8

technology including the HARK Recognizer ("BBN")—and three patents—the Julia Patent, U.S. Patent No. 7,013,283 (the "Murdock Patent"), and U.S. Patent No. 5,774,859 (the "Houser Patent"). Promptu disputes whether BBN is prior art, but BBN was publicly sold and offered for sale and publicly demonstrated in consistent form across multiple trade shows in 1994 and 1995 and satisfies the requirements for prior art under at least pre-AIA 35 U.S.C. §§ 102(b) and 102(g).

The asserted claims of the '196 Patent are specifically rendered obvious by at least one of the following three prior art combinations: (1) BBN in combination with FSN; (2) BBN in combination with FSN and the Julia Patent; and (3) BBN in combination with FSN and the Murdock Patent. The asserted claims of the '538 Patent are similarly rendered obvious by at least one of the following three prior art combinations: (1) BBN in combination with FSN; (2) BBN in combination with FSN and the Julia Patent; and (3) BBN in combination with FSN and the Houser Patent.

b. Lack of Written Description And Enablement

The Asserted Claims are also invalid under 35 U.S.C. § 112. Section 112 requires that a patent specification "contain a written description of the invention" and "the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same . . . ." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1345 (Fed. Cir. 2010). The Asserted Claims fail to satisfy both the written description and enablement requirements. For example, the asserted claims of the '538 Patent each recite a "centralized processing station," but the '538 Patent specification fails to show that the inventors were in possession of the full scope of a "centralized processing station" as claimed, and fails to enable a person of ordinary skill in the art ("POSA") to make and use a "centralized processing station" "in the cloud" or in any location or network beyond one that is located at a cable head-end within a cable network.

9

As another example, the asserted claims of the '196 Patent all require a "speech recognition system" that is "coupled to the wireline node," but the '196 Patent specification lacks sufficient written description to demonstrate that the inventors were in possession of the full scope of these limitations as claimed and to enable a POSA to make and use a "speech recognition system" in any location or network beyond a voice-recognition system that is in a central location within a cable network such that it is directly connected to a wireline node. Additionally, the asserted claims of the '196 Patent recite functional language with "program steps" of "processing" and "responding," but the '196 Patent specification does not contain sufficient information to enable a POSA to make and use the full scope of the claimed invention without undue experimentation and also lacks written description support. The asserted claims of the '196 Patent also require a "back channel," but the '196 Patent specification lacks sufficient written description to demonstrate that the inventors were in possession of the full scope of the "back channel" as claimed and to enable a POSA to make and use the required "back channel." Claim 18 of the '196 Patent is also not enabled, because the '196 Patent specification does not contain an enabling disclosure for the claim terms "assessing said speech content response" or "billing said user site." Claims 14, 18, and 25 also lack written description support for the term "communicatively couple[d]."

    c.  Indefiniteness

The Asserted Claims are also invalid for indefiniteness under 35 U.S.C. § 112. Section 112 requires "that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope and the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014). Here, the Asserted Claims are indefinite as they fail to provide clear notice of what is claimed and fail to inform a POSA with any reasonable certainty or objective boundaries about the scope of the claimed invention. For example, a POSA would not be able to discern with any reasonable certainty the bounds of the "centralized

processing station," "cable television link," and "television [input/output] signals" recited in claims 34 and 40 of the '538 Patent. Claim 40 of the '538 Patent is further rendered indefinite, because the '538 Patent specification fails to adequately disclose corresponding structures for the "remote control means" and "set-top box means."

As another example, independent claims 14 and 53 and dependent claims 18, 25, 62 of the '196 Patent include the claim element "responding to said identified speech content to create an identified speech content response that is unique to each of said multiplicity of identified speech contents." But a POSA would be unable to determine what it means for an "identified speech content response" to be "unique," as the claim is drafted. Claim 25, which depends from claim 14, is further rendered indefinite because it describes "identified speech content" coming "from" the downstream user site instead of being created upstream, as claim 14 requires. Claim 18, which depends from claim 14, is further rendered indefinite because a POSA would be unable to determine the scope and meaning of the claim term "financial consequence." Dependent claims 25 and 62 are also rendered indefinite because it is unclear whether the "step" referenced in these claims is to be repeated or merely limited by the additional requirements set forth in the dependent claims. Additionally, the asserted claims of the '196 Patent are indefinite because a POSA would not understand with reasonable certainty the scope of the claimed "speech recognition system," "back channel," the "processing" and "responding" steps, and the "multiplicity of received identified speech channels."

Additionally, independent claims 14 and 27 and dependent claims 18, 25, and 40 of the '196 Patent are rendered indefinite under 35 U.S.C. § 112 for improperly claiming both a system and method in the same claim.

Independent claims 14 and 27 and dependent claims 18, 25, and 40 of the '196 Patent are

11

also rendered indefinite under 35 U.S.C. § 112 ¶ 6, as they contain "means-plus-function" language but do not recite a sufficiently definite structure or algorithm for performing the claimed functions. For example, independent claim 14 and dependent claims 18 and 25 recite a "program system" without any specific structure or system components. Claim 27 and dependent claim 40 similarly recite a "back channel receiver," "speech channel partitioner," and "processor network," but fail to describe a sufficient structure for these components.

          d.      <u>Patent-Ineligible Subject Matter</u>

Independent claim 14 and dependent claims 18 and 25 of the '196 Patent are also invalid under 35 U.S.C. § 101, as they recite patent-ineligible subject matter. Specifically, these claims recite a "program system controlling at least part of a speech recognition system coupled to a wireline node in a network" but do not limit the claimed system to any physical embodiment.

          **2.**      **Inequitable Conduct**

The Asserted Patents are unenforceable due to inequitable conduct. "Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). A party alleging inequitable conduct must prove that "the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id*. at 1290. Here, one or more of Promptu's agents—specifically, the named inventors of the Asserted Patents, Promptu's prosecution counsel, Promptu's then-CEO Paul Cook, and Promptu consultant Steve Rose—failed to disclose material prior art—namely, (1) the Julia Patent and (2) FSN combined with BBN—to the United States Patent and Trademark Office ("USPTO") during the prosecution of the Asserted Patents. Had the USPTO been made aware of the Julia Patent and FSN combined with BBN, at least one claim of the '196 and '538 Patents would not have issued. Promptu's agents withheld these prior art references with the specific intent to deceive the USPTO.

## IV. COMCAST'S LIST OF WITNESSES

Comcast identifies the following witnesses who it intends to call, or who Comcast understands Promptu intends to call, in person to testify at trial in this matter. Comcast reserves the right to call any witness at trial that Promptu identifies on its witness list and call additional witnesses as appropriate.

| Witness Name | Witness Address |
|---|---|
| Cherie Arabia | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Ralph Brown | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| David Chaiken | c/o Finnegan, Henderson, Fabrabow, Garrett & Dunner LLP<br>3300 Hillview Avenue<br>Palo Alto, CA 94304 |
| Sandeep Chatterjee | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Stephen Crowers | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Eric Davies | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Julie Davis | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Jeanine Heck | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| James Kistler | c/o Finnegan, Henderson, Fabrabow, Garrett & Dunner LLP<br>3300 Hillview Avenue<br>Palo Alto, CA 94304 |

| | |
|---|---|
| Andrew Lippman | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Rick Rioboli | c/o Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 |
| Roy Sardina | c/o Finnegan, Henderson, Fabrabow, Garrett & Dunner LLP<br>3300 Hillview Avenue<br>Palo Alto, CA 94304 |

Comcast further identifies the following witnesses who may be called in person to testify in this matter: Michael Adams, Amit Bagga, Leslie Chapman, Mark Coblitz, Brad Dusto, Trace Hawkins, Dustin Hayes, Seth Kramer, Thomas Lemmons, Daniel Levy, Ernie Pighini, and Michael Sallas.

In addition to the witnesses above, Comcast may call one or more of the following witnesses by videotaped deposition: Ted Calderone, Paul Cook, Mark Foster, Michael Glenn, David Hanson, Gary Lauder, Scott Maddux, Harry Printz, David Redell, Steve Rose, Giuseppe Staffaroni. Comcast reserves the right to designate rebuttal deposition testimony for any witness Promptu calls by deposition.

## V.     COMCAST'S SCHEDULE OF EXHIBITS

A schedule of the exhibits that Comcast anticipates offering at trial is attached as Exhibit A.

Comcast has attempted to work with Promptu to further narrow the parties' exhibit lists before trial to no avail. Comcast anticipates raising the issue of Promptu's unnecessarily long exhibit list at or before the final pretrial conference. Specifically, the parties exchanged initial exhibit lists in accordance with the Judge's Scheduling Order, and on December 15, 2025, Promptu sent Comcast a joint exhibit list that included 2,958 documents from Promptu and an additional

518 documents from Comcast. Comcast responded that it is working to narrow its proposed exhibits to streamline the evidence for trial and requested that Promptu do the same. Promptu has refused to narrow its exhibit list, without explanation. As Comcast told Promptu, nearly 3,000 exhibits for a 6-day trial is entirely unrealistic and untenable, and Promptu's refusal to even consider narrowing its exhibits suggests that Promptu is intentionally over-designating exhibits to make it more difficult for Comcast to prepare for trial.

## VI. MISCELLANEOUS ISSUES TO BE ADDRESSED

Comcast anticipates raising the following issues at or before the final pretrial conference:

- The pending motions in limine filed by both parties;

- Briefing regarding disputed jury instructions, verdict form, and the neutral statement of fact;

- Subject to the pending motions for summary judgment and *in limine*, the scope of evidence, argument, and the verdict form concerning Comcast's inequitable conduct defense and counterclaim;

- The Court's procedures regarding motions for judgment as a matter of law;

- Sequestration of witnesses and corporate representatives; and

- Trial logistics, including jury selection, voir dire, addressing the parties' objections to witnesses and exhibits before examinations, the time allocated for trial (including the use of a chess clock), the order of presentation, and the scope of any rebuttal presentations.

Dated: December 29, 2025

                Respectfully submitted,

                */s/ Douglas E. Lumish*
                Douglas E. Lumish (*pro hac vice*)
                doug.lumish@weil.com
                WEIL, GOTSHAL & MANGES LLP
                201 Redwood Shores Parkway
                Redwood Shores, CA 94065
                Telephone: (650) 802-3100
                Fax: (650) 802-3100

Mark A. Perry (*pro hac vice*)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7200
Fax: (202) 857-0940

Jeff A. Homrig (*pro hac vice*)
jeff.homrig@weil.com
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Fax: (214) 746-7777

Stephen J. Kastenberg
kastenberg@ballardspahr.com
David L. Axelrod
axelrodd@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8314
Facsimile: (215) 864-9756

*Attorney for Comcast Corporation and Comcast Cable Communications, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2025 a copy of Defendants' Pretrial Memorandum was electronically filed with the Clerk of Court via the Court's CM/ECF system, which sent a Notice of Filing Activity to all counsel of record in accordance with E.D. Pa. L. R. Civ. P. 5.1.2(7)(a). The document is available for viewing and downloading from that system.

                                               */s/ Karnik Hajjar*
                                               Karnik Hajjar