IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROMPTU SYSTEMS CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-6516 |
| | : | |
| COMCAST CORPORATION, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **September 14, 2026**

In its "bench brief," provided to the Court at the August 4, 2026 pretrial conference, Promptu seeks a ruling, in advance of the inequitable conduct bench trial, that issue preclusion principles prevent Comcast from making any argument that U.S. Patent No. 6,513,063 ("Julia") is but-for material to the '538 patent at issue in this case. Specifically, Promptu argues Comcast cannot make the required showing that the Patent and Trademark Office (PTO) would not have allowed a claim of the '538 patent, had it been aware of Julia, in light of the Patent Trial and Appeal Board's (PTAB) ruling in inter partes review (IPR) proceedings regarding the '538 patent. In those proceedings, the PTAB ruled that none of the patent's independent claims are unpatentable as obvious based on Julia alone or Julia in combination with U.S. Patent No. 5,774,859 ("Houser"). Promptu previously raised this argument on summary judgment, but the Court denied the motion. ECF No. 599. Comcast argues the "bench brief" is procedurally improper, as it is, in effect, an untimely motion for reconsideration or motion in limine regarding the Court's prior ruling, which is now law of the case. Comcast also argues Promptu's position is substantively meritless because the PTAB's ruling, affirmed by the Federal Circuit, does not meet the requirements for application of collateral estoppel.

As an initial matter, the law of the case doctrine does not preclude this Court from addressing the issue raised by Promptu because the Court's previous denial of Promptu's motion

for partial summary judgment is an interlocutory order that does not constitute law of the case. *See United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) ("[I]nterlocutory orders . . . remain open to trial court reconsideration, and do not constitute the law of the case." (quoting *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)); *Speeney v. Rutgers*, 673 F. App'x 149, 152 n.2 (3d Cir. 2016) (noting "[a] prior denial of summary judgment should not be viewed as law of the case"). The Court's recent ruling that Comcast is precluded from pursuing inequitable conduct theories based on obviousness combinations involving "other prior art" not identified in its counterclaims has placed the preclusion issue in sharper focus, as the ruling limits Comcast to the prior art combination of Julia and Houser, the same obviousness combination considered in the IPR proceedings. Accordingly, the Court finds it is appropriate to address the issue on the merits.

The doctrine of collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (citation omitted). "[I]ssue-preclusion principles apply in a court case even when the first 'action' was before an agency if the agency proceeding meets certain standards." *Papst Licensing GMBH Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1250 (Fed. Cir. 2019) (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015)). The Federal Circuit has specifically held that issue preclusion "can apply . . . to the [PTAB's] decision in an IPR once it becomes final." *Id.* at 1251.

In the IPR proceedings, Comcast challenged all independent claims (claims 1, 2, 18, 19, 34, 40, and 41) and 14 dependent claims (claims 3-7, 17, 20-24, 33, 35, and 37) of the '538 patent

on the ground that the claims were unpatentable as obvious over Julia and the combination of Julia and Houser, among other references. *Comcast Cable Commc'ns, LLC v. Promptu Sys. Corp.*, IPR2018-00340, 2019 WL 1423154, at *2, 4 (P.T.A.B. Mar. 29, 2019) ("IPR2018-00340"); *Comcast Cable Commc'ns LLC v. Promptu Sys. Corp.*, IPR2018-00341, 2019 WL 1423155, at *2, 4 (P.T.A.B. Mar. 29, 2019) ("IPR2018-00341"). In conducting its review, the PTAB gave the claims of the patent "their broadest reasonable construction in light of the specification of the patent in which they appear." IPR2018-00340, 2019 1423154, at *6 (citing 37 C.F.R. § 42.100(b) (2017)); IPR2018-00341, 2019 WL 1423155, at *6 (citing 37 C.F.R. § 42.100(b) (2017)). The PTAB found Comcast had not shown, by a preponderance of the evidence, that any of the challenged claims was unpatentable on any of the grounds asserted. IPR2018-00340, 2019 WL 1423154, at *17; IPR 2018-00341, 2019 WL 1423155, at *14. The PTAB rejected Comcast's contention that the independent claims (and thus the dependent claims) were unpatentable as obvious over Julia alone because Comcast failed to establish, by a preponderance of the evidence, that Julia taught a claim limitation of those claims. IPR2018-00340, 2019 WL 1423154, at *11; IPR2019-00341, 2019 WL 1423155, at *8. Relevant here, the PTAB rejected Comcast's contention that claim 34 was unpatentable as obvious over Julia alone because Comcast failed to establish that "Julia alone . . . teaches the 'to derive set-top-box-compatible instructions to carry out the identified voice commands' limitation" of the claim. IPR2018-00341, 2019 WL 1423155, at *9-13 (rejecting Comcast's arguments for how Julia teaches this limitation as based on an "unreasonably broad" construction of "instruction").[1] The PTAB also rejected Comcast's

[1] The counterclaim as to the '538 patent alleges Julia is but-for material "to at least one claim" in that patent and identifies claim 34, "[b]y way of example," as a claim that would not have issued had Julia been disclosed. Am. Answer to First Am. Compl. 16-17, ¶¶ 16-17, ECF No. 345. As to the other independent claims, the PTAB found Comcast had not established, by a preponderance of the evidence, that Julia alone teaches the same claim limitation of claim 41, "the 'to derive set-

contention that claim 34 was unpatentable as obvious over Julia in view of Houser, finding Comcast failed to establish a motivation to combine the references. *Id.* at *8. Comcast appealed, and the Federal Circuit affirmed. *Comcast Cable Commc'ns, LLC v. Promptu Sys. Corp.*, 838 F. App'x 555, 556 (Fed. Cir. 2021). The Court of Appeals upheld the PTAB's rejection of Comcast's construction of the "set-top-box-compatible instruction"/"command function" limitation[2] in the independent claims—the basis for the PTAB's decision that Julia did not teach this limitation—as unreasonably broad. *Id.* at 557. The Court also affirmed the PTAB's finding that Comcast failed to show a motivation to combine Houser with Julia. *Id.*

To establish its inequitable conduct counterclaim, Comcast must prove by clear and convincing evidence that Promptu "omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (en banc). Both elements must be established by clear and convincing evidence. *Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1097 (Fed. Cir. 2024) (citing *Therasense*, 649 F.3d at 1287). Promptu's preclusion argument focuses on the materiality element. "[T]he materiality required to establish inequitable conduct is but-for materiality," which, in the context of inequitable conduct based on the failure to disclose prior art to the PTO, means "the PTO would not have allowed a claim had

---

top-box-means-compatible instructions to carry out the identified voice commands' limitation of independent claim 40," IPR 2018-00341, 2019 WL 1423155, at *9, "'the head-end unit deriving a set-top-box-compatible command function corresponding to said voice command' limitation of independent claims 1 and 2," or the "'a head-end unit to derive set-top-box-compatible command functions corresponding to signals representing voice commands' limitation of independent claim 19," IPR2018-00340, 2019 WL 1423154, at *11. The PTAB separately found Comcast had not established, by a preponderance of the evidence, that claim 18 was unpatentable on any of the asserted grounds. *Id.* at *10.

[2] On appeal, the Federal Circuit treated these limitations as interchangeable, consistent with the parties' usage. *Comcast Cable Commc'ns*, 838 F. App'x at 556 n.2.

it been aware of the undisclosed prior art." *Therasense*, 649 F.3d at 1291. In assessing the materiality of a withheld reference, the court must "place itself in the shoes of a patent examiner" and "determine whether a reasonable patent examiner would have allowed the claims had she known of the [w]ithheld [r]eferences," applying the preponderance of the evidence standard and giving claims their "broadest reasonable construction," as the PTO would have done during prosecution. *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1351-52 (Fed. Cir. 2017) (citing *Therasense*, 649 F.3d at 1291-92).

The counterclaim for the '538 patent alleges Julia is but-for material because Julia "alone, in combination with the knowledge of a person of ordinary skill in the art, or in combination with other prior art, discloses or suggests each and every element of, and anticipates or renders obvious," at least claim 34. Am. Answer to First Am. Compl. 16-17, ¶¶ 16-17 & Ex. 1, ECF No. 345. The counterclaim specifically identifies only Houser, which was cited during prosecution of the '538 patent, as such "other prior art," alleging that had Julia been disclosed, "the Examiner would not have allowed at least claim 34 over the Julia Patent in view of Houser." *Id.* at 18-19, ¶¶ 21-22.

Comcast argues Promptu cannot show the identical issue was previously adjudicated in the IPR proceedings because materiality and obviousness are not "identical issues" due to differences in the question actually presented to the different factfinders. *See* Defs.' Resp. Pl's "Bench Br." 5-6, ECF No. 696. Comcast notes that whereas the materiality inquiry requires the court to "'place itself in the shoes of a patent examiner and determine whether, had the references been before the examiner at the time, the claims of the patent would have still issued,'" the inquiry in an IPR proceeding concerns whether "the challenged claims are unpatentable as either not novel under 35

U.S.C. § 102 or obvious under 35 U.S.C. § 103, along with accompanying evidentiary limitations."[3] *Id.* at 6-7 (quoting *Regeneron*, 864 F.3d at 1351).

While the materiality inquiry may not always involve the identical issue as a prior IPR proceeding, the Court is persuaded the issues are the same in this case. To the extent the counterclaim for the '538 patent asserts Julia is material because it renders claim 34 obvious, either alone or in combination with Houser, this is the same argument Comcast raised unsuccessfully in the IPR proceedings. As described above, the PTAB rejected the argument, applying the same "broadest reasonable construction" and "preponderance of the evidence" standards the Court must apply in conducting the materiality analysis. *See In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1276-79 (Fed. Cir. 2015) (upholding the "broadest reasonable construction" standard for IPR proceedings and noting this standard has been approved in a variety of proceedings, including initial examinations), *aff'd sub nom. Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261 (2016); *Cal. Inst. of Tech. v. Broadcom Ltd.*, No. 16-3714, 2019 WL 8807748, at *6 (C.D. Cal. July 1, 2019) (noting the "broadest reasonable construction" applied by the PTAB in IPR proceedings is "the same claim construction standard *Therasense* states should be applied in considering whether an undisclosed reference is but-for material"), *aff'd on other grounds*, 25 F.4th 976 (Fed. Cir. 2022). Based in part on this common standard, the court in *California Institute of Technology* found two prior art references were not but-for material as a matter of law, where the references were raised, unsuccessfully, as part of one or more obviousness combinations in IPR proceedings and were

[3] Although Comcast suggests the evidentiary limitations applicable to IPR proceedings impact the analysis of whether the materiality issue in this case is identical to the issue litigated before the PTAB, it does not specify how.

relied upon in the IPR proceedings for the same concept that was alleged to support their but-for materiality. *Id.* at *6 & n.7.

As Comcast notes, district courts in the Third Circuit have "rejected the view that unsuccessful, post-issuance challenges per se preclude all inequitable conduct challenges that are based on references that were already raised through post-issuance challenges." *Chervon (HK) Ltd. v. One World Techs., Inc.*, No. 19-1293, 2025 WL 2630497, at *7 (D. Del. Jan. 13, 2025) (citing *EIS, Inc. v. IntiHealth Ger GmbH*, No. 19-1227, 2023 WL 6799332, at *6-8 (D. Del. Aug. 23, 2023), and *Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, No. 20-464, slip op. at 38-39 (D. Del. Mar. 29, 2023), ECF No. 283). In both *Chervon* and *EIS*, however, the courts declined to apply preclusion because the inequitable conduct claim at issue relied on different prior art obviousness combinations than those raised in the IPR proceedings.[4] *EIS*, 2023 WL 6799332, at *6 (holding the fact the PTAB considered the withheld reference during IPR proceedings "does not obviate that genuine disputes of material fact exist, particularly given that the prior art obviousness combinations considered during the IPRs are not identical to those raised by EIS's technical expert"); *see also Chervon*, 2025 WL 2630497, at *6-7 (applying *EIS* in a case in which defendants' inequitable conduct claim was based on prior art combinations different from those raised in their unsuccessful IPR proceedings).[5] And in *Targus*, the court declined to apply collateral estoppel to the PTAB's finding in IPR proceedings that the asserted claims of the relevant

[4] The defendant in *California Institute of Technology* also claimed to be relying on different combinations of prior art than were raised before the PTAB, but the court found the only inequitable conduct theories pled with particularity focused on the withheld references' disclosure of irregular repetition, "without regard to particular other references that they could have been combined with in office action rejections from the Examiner." 2019 WL 8807748, at *6 n.7.

[5] *See also* Defs.' Answering Br. Opp'n Pl.'s Mot. Summ. J. 16-17, *Chervon (HK) Ltd. v. One World Techs., Inc.*, No. 19-1293 (D. Del. Sept. 4, 2024), ECF No. 430.

patent were not unpatentable over the withheld reference because the defendant "was not a party to the IPR proceedings" and thus would not be precluded from litigating whether the withheld reference "disclose[d] certain limitations of the asserted claims." *Targus*, No. 20-464, slip op. at 38-39 (D. Del. Mar. 29, 2023), ECF No. 283. Neither of these circumstances is present here. Comcast, as noted, relies on the same prior art (Julia) and prior art combination (Julia and Houser) that the PTAB considered. Unlike in *Targus*, moreover, Comcast was a party to the IPR proceedings.[6]

In arguing that materiality and obviousness are not identical issues, Comcast also asserts a reference may be material even if it is not alone invalidating if, for example, "the examiner concludes that other prior art teaches all elements save one, and the withheld reference teaches that one element." Defs.' Resp. to Pl.'s "Bench Br." 7 (citing *Certusview Techs., LLC v. S&N Locating Servs., LLC*, 198 F. Supp. 3d 568, 607 n.29 (E.D. Va. 2016)), ECF No. 696. Here, however, the only multiple-reference theory alleged in the counterclaim is that the examiner would not have allowed claim 34 because that claim is rendered obvious by Julia in combination with other prior

---

[6] Comcast cites other district court cases holding a PTAB decision not to institute IPR proceedings based on a withheld reference does not, as a matter of law, preclude the challenger from establishing the materiality of the withheld reference because a district court has the obligation to reach an independent conclusion regarding patent validity. *See Ill. Tool Works Inc. v. Termax LLC*, No. 20 C 5416, 2023 WL 4707263, at *8 (N.D. Ill. July 24, 2023); *Jagua Land Rover Ltd. v. Bentley Motors Ltd.*, No. 18-320, 2021 WL 755479, at *3 (E.D. Va. Feb. 16, 2021). These cases are not persuasive because they derive the "independent conclusion" rule from cases addressing the separate issue of the deference owed a reissued or reexamined patent when invalidity is challenged in court. *See Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp.*, 879 F.3d 1332, 1341 (Fed. Cir. 2018); *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985). In this circumstance, deference takes the form of the presumption of validity, which can be overcome by clear and convincing evidence. The allowance of the patent does not foreclose the invalidity challenge, given the different standards that apply before the PTO and in court. Here, in contrast, the Court must assess materiality under the standard applicable during prosecution, which is the same standard applied by the PTAB.

art (Houser). *See* Am. Answer to First Am. Comp. 16-19, ¶¶ 16-17, 21-22, ECF No. 345. An examiner's evaluation of whether a claimed invention is patentable as non-obvious is rooted in the same law of obviousness that the PTAB applies, including the requirement that there would have been a motivation to combine. *Compare In re Hodges*, 882 F.3d 1107, 1116-17 (Fed. Cir. 2018), *and In re Van Os*, 844 F.3d 1359, 1361 (Fed. Cir. 2017), *with In re Nuvasive, Inc.*, 842 F.3d 1376, 1381 (Fed. Cir. 2016). The Court therefore concludes the materiality issue in this case involves the identical issue adjudicated in IPR proceedings.

Comcast also argues materiality was neither "actually litigated" in the IPR proceedings nor necessary to the PTAB's decision, largely based on its contention that materiality and obviousness are not identical issues. In the context of this case, the Court disagrees for the reasons set forth above. Whether Julia renders claim 34 obvious, either alone or in combination with Houser (the materiality theory alleged in the counterclaim)—and in particular, whether Julia teaches the "set-top-box-compatible instructions" limitation and whether Comcast established motivation to combine Julia and Houser—are issues that were actually litigated in the IPR proceedings and on appeal to the Federal Circuit and were necessary to the judgment. *See Apple Inc. v. Smart Mobile Techs. LLC*, No. 2024-1352, 2026 WL 160563, at *4 (Fed. Cir. Jan. 21, 2026) (noting an issue is actually litigated "if the parties to the original action disputed the issue and the trier of fact decided it" (quoting *In re Freeman*, 30 F.3d 1459, 1466 (Fed. Cir. 1994))). Comcast further contends materiality was not actually litigated because the PTAB ultimately found the '538 patent not unpatentable as obvious based on "procedural shortcomings," namely, deficiencies in Comcast's proof. Defs.' Resp. Pl.'s "Bench Br." 8, ECF No. 696. This is not a basis on which to avoid preclusion as "an issue is actually litigated for purposes of collateral estoppel even though the determination is based on a failure of proof." *Nichols & Co. v. United States*, 586 F.2d 826, 829

(C.C.P.A. 1978); *see also SynQor, Inc. v. Vicor Corp.*, 988 F.3d 1341, 1355 (Fed. Cir. 2021) ("A losing party does not get a second bite at the apple simply because they can find a new and arguably more persuasive witness to present their evidence; this is precisely the type of rematch that collateral estoppel is intended to foreclose to serve the interests of repose and finality." (citations omitted)); Restatement (Second) of Judgments § 27 cmt. d (1982) (stating an issue is "actually litigated" when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined," and noting "[a] determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof").

Comcast does not dispute the final requirement—that it was fully represented in the IPR proceedings and in the Federal Circuit—is met.

Because the requirements for collateral estoppel are met, the Court finds Comcast is precluded from arguing Julia is but-for material to '538 patent because it would render the claims of the patent obvious, alone or in combination with Houser. Although Comcast did not raise anticipation in the IPR proceedings, the Court agrees with Promptu that Comcast nevertheless is also precluded from arguing Julia is but-for material to the '538 patent because it anticipates claims of the patent. Anticipation requires "a single prior art reference [that] discloses all limitations of the claimed invention." *CRFD Research, Inc. v. Matal*, 876 F.3d 1330, 1338 (Fed. Cir. 2017). As discussed above, the PTAB based its rejection of Comcast's single-reference obviousness ground on Comcast's failure to establish, by a preponderance of the evidence, that Julia taught a claim limitation of the asserted claims, applying the same "broadest reasonable construction" standard that applies on examination. Collateral estoppel forecloses relitigation of issues "of evidentiary fact, of 'ultimate fact' . . . , or of law." *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) (quoting Restatement (Second) of Judgments § 27 cmt. c (1982)). Whether Julia teaches "set-top-

box-compatible instructions" limitation is a question of fact that was actually litigated in the IPR proceedings, in which Comcast was fully represented, and was the basis for the PTAB's decision. As such, Comcast is precluded from relitigating the issue here.

For the reasons set forth above, the Court concludes Comcast is precluded from arguing Julia is but-for material to '538 patent because it would render the claims of the patent obvious, alone or in combination with Houser, or because it anticipates claims of the patent. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.